**STUBBS, OVERBECK & ASSOCIATES, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 68–H–754.**

United States District Court,
S. D. Texas,
Houston Division.

May 15, 1970.

---

Chamberlain & Hrdlicka, Harold A. Chamberlain and Robert L. Waters, Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., George R. Pain, Asst. U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., and Myron C. Baum and D. Wendall Barnett, Attys., Dept. of Justice, for defendant.

MEMORANDUM

GARZA, District Judge.

This is a suit for refund of withholding taxes paid by the Plaintiff, Stubbs, Overbeck & Associates, Inc., for 1964, 1965 and 1966, in the total amount of One Thousand Seven Hundred Ten and $^{31}/_{100}$ ($1,710.31) Dollars, plus interest. The United States of America as Defendant has counter-claimed for Twenty-Nine Thousand Five Hundred Seventy-Eight and $^{9}/_{100}$ ($29,578.09) Dollars, in additional withholding taxes, plus interest, for the same years.

The case seems to be one of first impression. It involves a question of withholding tax liability of an employer with respect to per diem payments made to employees located at a job site remote to the employer's regular place of business. The Internal Revenue Service made a determination that the Plaintiff was required to withhold with respect to per diem payments made to its employees continuing after the expiration of one year, as though such payments were additional wages and assessed an additional withholding tax liability against the Plaintiff. The Plaintiff paid part of the assessed additional withholding tax and timely filed its claim for refund, and when denied, instituted this suit. The United States of America then counterclaimed for the additional assessment, so the issues presented in both the claim for refund and the counter-claim are the same.

The plaintiff, Stubbs, Overbeck & Associates, Inc., is an engineering firm based in Houston, Texas. The firm engages in engineering consulting in the fields of civil, chemical, mechanical and electrical engineering and often renders engineering service on a contract basis in areas remote from the city of Houston.

The employees of the Plaintiff, on which the government is claiming that the Plaintiff did not withhold sufficient taxes, were those that were working on a contract that the Plaintiff had with the Phillips Petroleum Company.

Negotiations (Plaintiff's Exhibit 1) were carried on between Phillips Petroleum Company and the Plaintiff in April of 1962. By letter dated April 27, 1962, Stubbs, Overbeck & Associates, Inc. was engaged by the Phillips Petroleum Company to furnish engineering manpower necessary to perform design and drafting services in the Bartlesville, Oklahoma, offices of Phillips. At the time of the agreement between the Plaintiff and Phillips Petroleum, it was contemplated that the job would require twenty men and would be completed in four to six months. As it turned out, the job was extended from time to time and more men were employed. Phillips Petroleum Company at all times reserved the right to cancel the contract with the Plaintiff on two weeks' notice, but the facts show that the contract existed until October 1966, well over four years. By letter dated July 28th, Phillips Petroleum Company terminated the contract with the Plaintiff and said termination letter provided that six of the Plaintiff's men would leave August 15, 1966, sixteen men would leave on September 1, 1966, twenty-one men would leave on October 1, 1966, and the last seven of the Plaintiff's employees would leave October 31, 1966. As can be seen, when the contract was terminated, the Plaintiff had forty men working on its contract with Phillips. The contract between Plaintiff and Phillips Petroleum contemplated the furnishing to Phillips of draftsmen, engineers and group leaders, and provided for different rates of pay for each one of these classifications. To fulfill its contract with Phillips, Stubbs, Overbeck & Associates, Inc. sent many of its full time employees to Bartlesville and then hired the remainder from various other places to work on the Phillips contract. All of the employees hired by the Plaintiff to work on the Phillips Petroleum contract were advised of the terms of the contract and particularly the anticipated duration and the right of termination, in whole or in part, on two weeks' notice, which Phillips Petroleum had reserved for itself.

The record shows that no per diem was paid to people hired to work on this contract by the Plaintiff from the Bartlesville area, however all those hired to work on this contract from outside the Bartlesville area were paid a per diem at the rate of $1.25 an hour, per hour worked, but in no event to exceed forty hours a week.

It is worthwhile noting that the per diem paid by the Plaintiff was the same, regardless of the wage rate of the employee and that this per diem was only paid to people hired from outside the Bartlesville area.

It is also well to note here that we are not concerned in this case with the income tax liability of the Plaintiff, nor its right to deduct the regular wage payments, the right to deduct the per diem payments as a business expense, or with the tax liability of any of the individual taxpayers. We are only concerned in this case with the question of whether at some point after the commencement of the questioned period, the employer should have made a determination of the status of its employees, and at that time started to withhold income taxes on the per diem payments.

The basic question, therefore, presented in this law suit is whether or not the per diem payments made by the Plaintiff to certain of its employees were wages within the meaning of Section 3401 of the Internal Revenue Code of 1954 (26 U.S.C. § 3401(a)). That section provides that "the term 'wages' means all remuneration * * * for services peformed by an employee for his employer * * *". Section 3402 of the Internal Revenue Code of 1954 makes every employer making payment of wages responsible for deducting income tax, which is determined in accordance with certain tables.

After an audit by agents of the Internal Revenue Service, it was determined that some of the Plaintiff's employees had worked on the Phillips contract for longer than one year, and since the Plaintiff had not deducted withholding

taxes on its per diem payments after they had been there more than one year on the Phillips job, the Internal Revenue Service relying exclusively upon Revenue Ruling 59–371,[1] assessed the deficiency.

1. "Rules to be applied solely with respect to the treatment, for purposes of withholding income tax under section 3402 of the Internal Revenue Code of 1954, of amounts paid to and received by employees as daily transportation and per diem allowances to cover expenses for meals and lodging, etc., while working on construction and other projects.

"Advice has been requested relative to the treatment, *solely for purposes of withholding income tax* under section 3402 of the Internal Revenue Code of 1954, of amounts paid to and received by certain employees as daily transportation allowances and per diem allowances to cover their expenses for meals, lodging, etc., while working on construction and other projects.

"Section 31.3401(a)–1(b) (2) of the Employment Tax Regulations, in defining the term 'wages' for purposes of the Collection of Income Tax at Source on Wages (chapter 24, subtitle C, Internal Revenue Code of 1954), provides as follows:

"*Traveling and other expenses.—* Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages and are not subject to withholding. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment.

"Generally, an employer will take the point of view that reasonable allowances paid to cover his employees' expenses for daily transportation or for meals and lodging while employed at a project remote from the available labor supply represent payments made by the employer to reimburse his employees for expenses incurred by them in connection with the employer's business. Thus, such payments have been treated by the employers concerned as reimbursements of expenses incurred by the employees in the business of the employer and not as additional wages.

"Revenue Ruling 190, C.B. 1953–2, 303, holds that reasonable transportation allowances paid by a company to its employees *while working for a strictly temporary period* on a construction project located at a distance from their principal or regular place of employment do not constitute 'wages' for purposes of the taxes imposed by the Federal employment tax statutes, including the withholding of income tax. The rationale of that Revenue Ruling has also been considered applicable to the per diem allowances paid by a company to its employees while working on a temporary job at a more remote location from which the employees are unable to return to their principal or regular place of employment at the end of each workday.

"Revenue Ruling 190, *supra*, is applicable only to situations where employees are working for a strictly temporary period (as distinguished from an indefinite period) on projects located at a distance from the employee's principal or regular place of employment. In the application of this ruling, the Internal Revenue Service has held that such allowances (when reasonable in amount and when clearly segregated from the payment of remuneration for employment) do not constitute 'wages' for Federal employment tax purposes and for the purposes of withholding of income tax, in all cases where the employer, in good faith, considers the employee's assignment to the particular project to be temporary in nature.

"Considerable confusion appears to exist, however, among the employee-recipients of such allowances whether, under particular factual situations, their actual expenses for daily transportation to and from projects, or for their meals and lodging while working on such projects, constitute deductible business expenses under section 162(a) of the Code. Furthermore, the existing position of the Service in not requiring the employer to withhold income tax from these allowances has resulted in substantial hardship in those cases where, upon subsequent audit of the employees' income tax returns and examination of their individual factual situations, it has been found that the actual expenses incurred by recipients of such allowances are not deductible business expenses. This is especially true where large income tax deficencies result.

"To alleviate such hardship and to insure that the amount of income tax withheld will more nearly approximate the correct amount of Federal income tax due, the Service has concluded that (1) when an employee has worked for a substantially continuous period of one year

This Revenue Ruling may be summarized as holding that, in a case such as the one before the Court, where an employee has worked for a substantially continuous period in a particular area, or when he is hired it is contemplated that his assignment may continue for more than one year, or if it becomes apparent at any time that his services may reasonably be expected to continue for more than one year in a particular area, any payments of travel, per diem and the like, thereafter will be deemed to be wages for the purpose of withholding.

in any particular project area; or (2) if, at the time an employee is hired, it is contemplated that his assignment or series of assignments in any particular project area for the employer may continue for more than one year; or (3) if it becomes apparent at any time that an employee's services may reasonably be expected to continue for more than one year in any particular project area, such employee will no longer be considered, for purposes of withholding income tax under section 3402 of the Code, to be employed for a temporary (as distinguished from an indefinite) period. If and when any one of the above-stated conditions has been met, any allowances or reimbursements paid to an employee by his employer to cover the cost of the employee's daily transportation expenses to and from the job site, or to cover the cost of his meals and lodging while working there, will thereafter be subject to the withholding of income tax as additional compensation.

"The position of the Service as set forth herein is designed to permit employers concerned to rely upon clearly established administrative rules in determining whether amounts paid as allowances or reimbursements for expenses are subject to the withholding of income tax. These rules have been devised to incorporate such factors indicative of Federal income tax liability on the part of the employee-recipient as may ordinarily be expected to fall within the employer's knowledge. It also places a limit upon the period of times which may be regarded as 'temporary' in determining the applicability of the withholding of income tax to such amounts. This time limitation is predicated upon the reasonable assumption that an individual engaged to perform, or after performing, services in a particular project area for one year is not employed for a temporary period and, therefore, the expenses covered by the allowances

A reading of the ruling states that this rule of convenience is adopted in order to alleviate harships sometimes faced by the employee who does not properly handle his own tax affairs, and who might ultimately be faced with a large tax deficiency by reason of his employer not having deducted, by withholding, the tax on such per diem payments, that such individual employee taxpayer has to report as gross income to him.

Per diem payments to employees are part of his gross income and whether the individual receiving the per diem is

received will not be deductible under section 162(a) of the Code.

"Whether or not an employer withholds income tax from such allowances is not determinative of the question whether the expenses to which the allowances are related do or do not constitute deductible expenses of the employee under section 162(a) of the Code. Despite the fact that income tax has been withheld from such allowances, each individual employee may submit evidence to the District Director of Internal Revenue with whom he files his Federal income tax returns to establish that he was employed for a temporary period and that the expenses covered by such allowances did, in fact, constitute deductible expenses under section 162(a) of the Code. Proper adjustment for the correct amount of tax due will then be made.

"While it is realized that the correct result may not be accomplished in all cases, a withholding of the approximate amount of tax will result in most cases so that employees will not be faced at a later date with the payment of large income tax deficiencies.

"The rules adopted herein are to be applied solely with respect to the treatment, for purposes of the withholding of income tax under section 3402 of the Code, of amounts paid to and received by employees as daily transportation allowances and per diem allowances to cover their expenses for meals and lodging, etc., while working on construction and other projects. These rules are not intended for use in determining an employee's 'wages' subject to the taxes imposed by the Federal Insurance Contributions Act and the Federal Unemployment Tax Act (chapters 21 and 23, respectively, subtitle C. of the Code).

"Under the authority of section 7805 (b) of the Code, this Revenue Ruling will be applied only to payments made on or after January 1, 1960."

entitled to deductions for expenses incurred by him under the "away from home" rules, is something that must be determined on an individual basis.

There is no question that the Plaintiff always considered all of its employees that it brought into the Bartlesville area to work on the Phillips contract, as being there on a temporary basis, and rightly so, for nothing can be more temporary than working on a contract which can be terminated on two weeks' notice.

It is true that many of the employees of the Plaintiff who stayed on the job with Phillips for any length of time eventually moved to Bartlesville or surrounding area. The Plaintiff here certainly had no right to keep them from doing so. This move might have affected the tax liability of the individual employee taxpayer, but as far as the employer was concerned, he was paying the per diem in question under the good faith belief that their stay as employees of the Plaintiff in Bartlesville was a temporary one.

It is well to note here that the evidence shows clearly that the Plaintiff did not use the per diem expense payments as a substitute for compensation for services rendered. The payments to the employees of per diem expense allowances were separately designated on each pay check. The W2 forms (Plaintiff's Exhibit 3) issued by the Plaintiff to its employees working on the Phillips contract indicated the amount paid as non-wages in each year. In 1964, under the then existing Treasury Regulations, the Plaintiff filed a separate Form 1099 for each employee on the Phillips contract, showing the employee's per diem expense allowance for the year. The Internal Revenue Service could very well have checked to see that each such employee was reporting those sums on his gross income and whether or not the same were deducted by him.

Since the government's case depends entirely on its Revenue Ruling 59–371 *infra,* we must look at it closely.

A Revenue Ruling such as the one before us is not binding, United States v. Bennett, 186 F.2d 407 (C.A. 5 1951).

A close reading of the Revenue Ruling would make the per diem allowances in question here to be considered as wages for the purpose of withholding and yet, not make them subject for use in determining an employee's wages under the Social Security and the Federal Unemployment Tax Act. The status of the law is such that wages are compensation for services rendered and as such are subject to withholding, social security and unemployment tax provisions. It is not until there has been a determination by the Internal Revenue Service and our Courts, if necessary, denying an employee a deduction for expenses incurred while away from home, that the money paid by an employer as a per diem allowance becomes anything other than a reimbursement for expenses incurred in the business of the employer. It is not until then, and only then, that per diem, as in the present case, becomes wages or additional compensation subject to income tax and to withholding. The payments by the Plaintiff of the per diem to certain of its employees under the facts of this case, were not wages under Section 3401 of the Internal Revenue Service Code of 1954.

The attempt by the government to base its position on the law that has developed around the individual taxpayer is not germane to the issue before the Court, for we have to look at the question from the position of the employer and not the employee. The per diem payments made by Plaintiff to its employees from outside the Bartlesville area do not fall within the recognized definition of wages and the Revenue Ruling that the government relies upon is clearly not based on law and is merely an administrative convenience for the government.

The burden of determining the individual taxpayer's liability must fall, and rightly so, on the taxing entity and not on the mere depository go-between, the

employer. It must be said in passing that to allow the Internal Revenue Service to determine that the employer should have made the determination shifts the burden that the Internal Revenue Service itself must carry. The responsibility is too onerous for the individual employer, such as the Plaintiff here, to carry. If Congress wishes to change the law with regard to what constitutes wages, it may do so. Under the facts of this case, the per diem paid by this Plaintiff in dispute here was not wages and the Plaintiffs, Stubbs, Overbeck & Associates, Inc. is entitled to recover the amount of One Thousand Seven end Hundred Ten and $^{31}\!/_{100}$ ($1,710.31) Dollars, with interest, and the government's counter-claim must be dismissed.

This Memorandum constitutes the Court's Findings of Fact and Conclusions of Law.